## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

LISCHING CONSTRUCTION CO., INC., )
                           )
         **Debtor.**        )   **No. 11-01319**
                           )
                           )   **Judge Susan Pierson Sonderby**
                           )   **Re: Claim No. 4**

## CLAIMANT'S OBJECTION TO TRUSTEE'S FINAL REPORT

Claimant, the Laborers' Pension and Welfare Funds ("Funds"), having filed claim No. 4, by their attorneys, objects to the Summary of Trustee's Final Report as follows:

1.     The Final Report excludes the unsecured claim filed by the Laborers' Pension and Welfare Funds in the amount of $22,059.00. (See attached Exhibit 1; Dkt # 37).

2.     On March 7, 2012, the Court granted claimants motion to file a late proof of claim. In granting that Motion, the Court agreed that requirements of Rule 706(a)(2)C) were fully met and that no notice was given to the Funds concerning the filing of a Chapter 7 Petition. Not only did the Company fail to include the Funds in the schedules filed to initiate this proceeding, but <u>after the petition was filed</u> the Company continued to file reporting information to the Funds indicating that the Company was on an going and operating but had not employed laborer employees. A copy of the Court's order is attached hereto as Exhibit 2 (Dkt # 31-4).

3.     On March 12, 2012, the claimants filed a Proof of Claim identified as Claim #4. A copy is attached hereto as Exhibit 3.

Wherefore, the Funds object to the Trustee's Proposed Distribution omitting the Laborers' Funds from the "unsecured" assets in the amount of $22,059.00, to be paid as an unsecured claim.

Respectfully submitted:

/s/Karen I. Engelhardt

Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
June 21, 2013

2

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 11-01319-TAB |
| | § | |
| LISCHING CONSTRUCTION CO., INC. | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATION FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that David P. Leibowitz, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 South Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 a.m. on 06/25/2013, in Courtroom 613, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:   06/03/2013          By:   /s/ David P. Leibowitz

                                          (Trustee)

David P. Leibowitz
420 West Clayton St
Waukegan, IL, 60085

**Exhibit 1**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 11-01319-TAB |
| | § | |
| LISCHING CONSTRUCTION CO., INC. | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*      $34,952.62
*and approved disbursements of*      $8,102.13
*leaving a balance on hand of[1]:*      $26,850.49

Claims of secured creditors will be paid as follows:

Total to be paid to secured creditors:      $0.00
Remaining balance:      $26,850.49

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| David P. Leibowitz, Trustee Fees | $4,245.26 | $0.00 | $4,245.26 |
| David P. Leibowitz, Trustee Expenses | $15.64 | $0.00 | $15.64 |
| Lakelaw, Attorney for Trustee Fees | $2,477.50 | $0.00 | $2,477.50 |
| Lakelaw, Attorney for Trustee Expenses | $9.26 | $0.00 | $9.26 |
| Lois West, Accountant for Trustee Fees | $1,968.00 | $0.00 | $1,968.00 |
| Office of the Clerk United States Bankruptcy Court, Clerk of the Court Costs | $250.00 | $0.00 | $250.00 |

Total to be paid for chapter 7 administrative expenses:      $8,965.66
Remaining balance:      $17,884.83

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

| | Total to be paid to prior chapter administrative expenses: | $0.00 |
|---|---|---|
| | Remaining balance: | $17,884.83 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $4,133.81 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4A | Laborer's Pension and Welfare Funds | $4,133.81 | $0.00 | $4,133.81 |

| | Total to be paid to priority claims: | $4,133.81 |
|---|---|---|
| | Remaining balance: | $13,751.02 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $189,938.06 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 7.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Chicago Regional Council of Carpenters | $183,938.06 | $0.00 | $13,316.64 |
| 3A | Chicago Regional Council of Carpenters | $6,000.00 | $0.00 | $434.38 |

| | Total to be paid to timely general unsecured claims: | $13,751.02 |
|---|---|---|
| | Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $22,059.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

UST Form 101-7-NFR (10/1/2010)

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 4 | Laborers' Pension and Welfare Funds | $22,059.00 | $0.00 | $0.00 |

Total to be paid to tardily filed general unsecured claims:    $0.00
Remaining balance:    $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims:    $0.00
Remaining balance:    $0.00

Prepared By:   /s/ David P. Leibowitz
Trustee

David P. Leibowitz
420 West Clayton St
Waukegan, IL, 60085

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (10/1/2010)

Case 11-01319   Doc 48   Filed 06/21/13   Entered 06/21/13 14:41:38   Desc Main
Document   Page 7 of 22
Case 11-01319   Doc 34   Filed 03/07/12   Entered 03/09/12 09:12:43   Desc Main
Document   Page 1 of 1
Case 11-01319   Doc 31-4   Filed 02/10/12   Entered 02/10/12 11:32:17   Desc Proposed
Order proposed order   Page 1 of 1

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

LISCHING CONSTRUCTION CO., INC.,   )
                                  )
            Debtor.               )      No. 11-01319
                                  )
                                  )      Judge Susan Pierson Sonderby
                                  )

## ORDER

This cause coming before the Court on the Laborers' Pension and Welfare Funds' Motion for Leave to File a Late Proof of Claim,

**IT IS HEREBY ORDERED:**

The motion for Leave to file late proof of claims is granted/denied.

ENTERED:

MAR 0 7 2012

**Exhibit 2**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT   Northern District Illinois | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
Lisching Construction Co., Inc.

**Case Number:**
11-01319

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Laborers' Pension and Welfare Funds

**COURT USE ONLY**

**Name and address where notices should be sent:**
c/o Karen I. Engelhardt
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600, Chicago, Illinois
Telephone number: (312) 364-9400   email: kie@ask-attorneys.com

□ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

**Name and address where payment should be sent** (if different from above):



Telephone number:   email:

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $_____22,059.06____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   Contributions to employee benefit plan  (See attached)
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**  2  6  3  4 | **3a. Debtor may have scheduled account as:**  (See instruction #3a) | **3b. Uniform Claim Identifier (optional):**  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** □Real Estate  □Motor Vehicle  □Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:**   $_____

**Annual Interest Rate**_____% □Fixed  or  □Variable
(when case was filed)

**Amount Unsecured:**   $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

□ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**
$_____4,133.81

□ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**Exhibit 3**

B 10 (Official Form 10) (12/11)                                                                                                                    2

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Karen I. Engelhardt
Title: attorney
Company: Allison, Slutsky & Kennedy, P.C.
Address and telephone number (if different from notice address above):
230 West Monroe Street, Suite 2600
Chicago, Illinois 60606

(Signature)   (Date) 2/10/12

Telephone number: (312) 364-9400   email: kie@ask-attorneys.com
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You may also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## POWER OF ATTORNEY TO EXECUTE PROOF OF CLAIM

I, James S. Jorgensen, am the Administrator of the Laborers' Pension Fund and the Laborers Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity, (the "Funds") and all other related Funds and Union to which the Laborers' Pension Fund has authority to collect. As the Funds' Administrator, I hereby confer power of attorney to Karen I. Engelhardt, an attorney, of the firm of Allison, Slutsky & Kennedy P.C., as true and lawful attorney-in-fact to sign or execute on behalf of the Funds under penalties aforementioned on the Proof of Claim in the Lisching Construction Co., Inc., bankruptcy matter on behalf of the Funds as its agent. This power and authority shall remain in full effect thereafter until notice of termination in writing that the power is terminated.

By: _____
James S. Jorgensen
Laborers' Pension and Welfare Funds
11465 Cermak Road
Westchester, Illinois 60154

February 9, 2012

## PROOF OF CLAIM

The Funds' auditors prepared a report reflecting amounts owed to the Funds and for Union dues covering the period of August 1, 2007 through December 31, 2010. For the last six months of the Company's operations the following contributions were due:

Contributions .................................. $3,924.72

Union Dues .................................... $209.09

For the period prior to February 2010, the following amounts are due:

Contributions ................................ $12,379.94

Union Dues .................................... $1,021.78

The total amounts owed, including liquidated damages in the amount of twenty percent for Pension, Welfare and Training and ten percent for Union dues and the other industry funds as required by the collective bargaining agreement and audit costs are: ............................ **$22,059.06**

2/10/2012

# LABORERS' PENSION & WELFARE FUNDS

AUDIT

EMPLOYER  __LISCHING CONSTRUCTION CO., INC.__  CODE  22634

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CCA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-1-07 - 12-31-10 ADDITIONAL HOURS | | | | | | | | | | | | | | | |
| 8-1-07 - 5-31-08 | 106.00 | 844.82 | 7.97 | 602.08 | 5.68 | 23.32 | 0.22 | 235.20 | 30.96 | 0.12 | 18.06 | 0.07 | 15.48 | 0.06 | 1,470.22 |
| 8-1-07 - 5-31-08 | 258.00 | | | | | | | | | | | | | | 299.70 |
| 6-1-08 - 5-31-09 | 706.00 | 6,233.98 | 8.83 | 4,356.02 | 6.17 | 190.62 | 0.27 | 674.68 | 84.72 | 0.12 | 49.42 | 0.07 | 42.36 | 0.06 | 11,631.80 |
| 6-1-09 - 5-31-10 | 216.00 | 1,972.08 | 9.13 | 1,807.92 | 8.37 | 86.40 | 0.40 | 209.09 | 25.92 | 0.12 | 15.12 | 0.07 | 17.28 | 0.08 | 4,133.81 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | |
| SUBTOTAL | 1,286.00 | 9,050.88 | | 6,766.02 | | 300.34 | | 1,118.97 | 141.60 | | 82.60 | | 75.12 | | 17,535.53 |
| 10% PENALTIES | | 1,810.18 | | 1,353.20 | | 60.07 | | 111.90 | 14.16 | | 8.26 | | 7.51 | | 141.83 |
| 20% PENALTIES | | | | | | | | | | | | | | | 3,233.45 |
| AUDIT COSTS | | 579.13 | | 579.12 | | | | | | | | | | | 1,158.25 |
| ATTORNEY FEES | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | | | | | | | | | | | | | | |
| TOTAL DUE | | 11,440.19 | | 8,698.34 | | 360.41 | | 1,230.87 | 155.76 | | 90.86 | | 82.63 | | 22,059.06 |

LISCHING CONSTRUCTION CO., INC.
1147 BRIARBROOK DR.
WHEATON, IL 60189

EMPLOYER #22634

AUGUST 1, 2007 – DECEMBER 31, 2010

# BANSLEY AND KIENER, L.L.P.

CERTIFIED PUBLIC ACCOUNTANTS

O'HARE PLAZA

8745 WEST HIGGINS ROAD, SUITE 200

CHICAGO, ILLINOIS 60631

AREA CODE 312 263.2700

January 23, 2012

Board of Trustees
Pension and Welfare Funds of Construction and General
  Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Lisching Construction Co., Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period August 1, 2007 to December 31, 2010. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report:

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council
## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2008 | 5-31 2009 | 5-31 2010 | 5-31 2011 | Total Due |
|---|---|---|---|---|---|
| Hours Not Reported | 106.00 | 706.00 | 216.00 | 0.00 | 1,028.00 |
| Hours - Men Not Reported | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| **Dollar Amount Due** | | | | | |
| Welfare | 844.82 | 6,233.98 | 1,972.08 | 0.00 | 9,050.88 |
| Pension | 602.08 | 4,356.02 | 1,807.92 | 0.00 | 6,766.02 |
| Training | 23.32 | 190.62 | 86.40 | 0.00 | 300.34 |
| CCA | 18.06 | 49.42 | 15.12 | 0.00 | 82.60 |
| LECET | 15.48 | 42.36 | 17.28 | 0.00 | 75.12 |
| LDCMC | 30.96 | 84.72 | 25.92 | 0.00 | 141.60 |
| Working Dues | 235.20 | 674.68 | 209.09 | 0.00 | 1,118.97 |
| **Total** | 1,769.92 | 11,631.80 | 4,133.81 | 0.00 | 17,535.53 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 0.00 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 0.00 |
| Audit Fee | 1,158.25 |
| Total amount due | 18,693.78 |

| | | | |
|---|---|---|---|
| Employer Name - | LISCHING CONSTRUCTION CO., INC. | Person Contacted - | DAVID MAINES |
| Employer - | 22634 | Date of Contact - | JANUARY 10, 2012 |
| Date of Audit - | JANUARY 17, 2012 | Telephone - | 708-254-3810 |
| Audit Period - | AUG. 1, 2007 - DEC. 31, 2010 | Auditor - | DOUG MARANDA |

2

# Laborers' District Council

### Reconciliation Between Actual and Reported Hours - Welfare, Pension, & Training Funds Only

| SS# | Name | Rate | 2007 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2008 Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | GONZALEZ, JOSE |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
|  | LISCHING, DAVID |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.00 | 69.00 |
|  | TOVAR, RUMALDO |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.00 |
|  | Total |  | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.00 | 0.00 | 0.00 | 0.00 | 0.00 | 69.00 | 106.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $7.97 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 294.89 | 0.00 | 0.00 | 0.00 | 0.00 | 549.93 | 844.82 |
| Pension | $5.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 210.16 | 0.00 | 0.00 | 0.00 | 0.00 | 391.92 | 602.08 |
| Training | $0.22 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.14 | 0.00 | 0.00 | 0.00 | 0.00 | 15.18 | 23.32 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 513.19 | 0.00 | 0.00 | 0.00 | 0.00 | 957.03 | 1,470.22 |

Employer Name - LISCHING CONSTRUCTION CO., INC.     Person Contacted - DAVID MAINES

Employer - 22634     Date of Contact - JANUARY 10, 2012

Date of Audit - JANUARY 17, 2012     Telephone - 708-254-3810

Audit Period - AUGUST 1, 2007-DECEMBER 31, 2010     Auditor - DOUG MARANDA

3

# Laborers' District Council

**Reconciliation Between Actual and Reported Hours - CCA, LECET, & LDCMC Funds Only**

| SS# | Name | Rate | 2007 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2008 Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GONZALEZ, JOSE | | 0.00 | 0.00 | 0.00 | 152.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 152.00 |
| | LISCHING, DAVID | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 69.00 | 69.00 |
| | TOVAR, RUMALDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.00 |
| | Total | | 0.00 | 0.00 | 0.00 | 152.00 | 0.00 | 0.00 | 37.00 | 0.00 | 0.00 | 0.00 | 0.00 | 69.00 | 258.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CCA | $0.07 | 0.00 | 0.00 | 0.00 | 10.64 | 0.00 | 0.00 | 2.59 | 0.00 | 0.00 | 0.00 | 0.00 | 4.83 | 18.06 |
| LECET | $0.06 | 0.00 | 0.00 | 0.00 | 9.12 | 0.00 | 0.00 | 2.22 | 0.00 | 0.00 | 0.00 | 0.00 | 4.14 | 15.48 |
| LDCMC | $0.12 | 0.00 | 0.00 | 0.00 | 18.24 | 0.00 | 0.00 | 4.44 | 0.00 | 0.00 | 0.00 | 0.00 | 8.28 | 30.96 |
| Working Dues | $0.00 | 0.00 | 0.00 | 0.00 | 138.57 | 0.00 | 0.00 | 33.73 | 0.00 | 0.00 | 0.00 | 0.00 | 82.80 | 235.20 |
| Total | | 0.00 | 0.00 | 0.00 | 176.57 | 0.00 | 0.00 | 42.98 | 0.00 | 0.00 | 0.00 | 0.00 | 80.15 | 299.70 |

| | | | |
|---|---|---|---|
| Employer Name - LISCHING CONSTRUCTION CO., INC. | Person Contacted - | | DAVID MAINES |
| Employer - 22634 | Date of Contact - | | JANUARY 10, 2012 |
| Date of Audit - JANUARY 17, 2012 | Telephone - | | 708-254-3810 |
| Audit Period - AUGUST 1, 2007-DECEMBER 31, 2010 | Auditor - | | DOUG MARANDA |

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2007 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2008 Jan | Feb | Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GONZALEZ, JOSE | 0.00 | 0.00 | 0.00 | 5,038.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,038.80 |
| | LISCHING, DAVID | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,287.35 | 2,287.35 |
| | TOVAR, RUMALDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,226.55 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,226.55 |
| Total | | 0.00 | 0.00 | 0.00 | 5,038.80 | 0.00 | 0.00 | 1,226.55 | 0.00 | 0.00 | 0.00 | 0.00 | 2,287.35 | 8,552.70 |

Rate - 2.75% of gross wages

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues - | 0.00 | 0.00 | 0.00 | 138.57 | 0.00 | 0.00 | 33.73 | 0.00 | 0.00 | 0.00 | 0.00 | 62.90 | 235.20 |

Employer Name - LISCHING CONSTRUCTION CO., INC.   Person Contacted -   DAVID MAINES

Employer - 22634   Date of Contact -   JANUARY 10, 2012

Date of Audit - JANUARY 17, 2012   Telephone -   708-254-3810

Audit Period - AUGUST 1, 2007-DECEMBER 31, 2010   Auditor -   DOUG MARANDA

5

## Laborers' District Council
### Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|-----|------|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------------|
| | | | | | | | | | | | | 2009 | | | |
| | | | | | 2008 | | | | | | | | | | |
| | GONZALEZ, JOSE | | 0.00 | 0.00 | 158.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 158.00 |
| | LISCHING, DAVID | | 180.00 | 0.00 | 158.00 | 72.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 390.00 |
| | RODRIGUEZ, JOSE | | 0.00 | 0.00 | 158.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 158.00 |
| | Total | | 160.00 | 0.00 | 474.00 | 72.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 706.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------------|
| Welfare | $8.83 | 1,412.80 | 0.00 | 4,185.42 | 635.76 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,233.98 |
| Pension | $6.17 | 987.20 | 0.00 | 2,924.59 | 444.24 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,356.02 |
| Training | $0.27 | 43.20 | 0.00 | 127.96 | 19.44 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 190.62 |
| CCA | $0.07 | 11.20 | 0.00 | 33.18 | 5.04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 49.42 |
| LECET | $0.06 | 9.60 | 0.00 | 28.44 | 4.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 42.36 |
| LDCMC | $0.12 | 19.20 | 0.00 | 56.88 | 8.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 84.72 |
| Working Dues | $0.00 | 152.90 | 0.00 | 452.97 | 68.81 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 674.68 |
| Total | | 2,636.10 | 0.00 | 7,809.45 | 1,186.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11,631.80 |

Employer Name - LISCHING CONSTRUCTION CO., INC.   Person Contacted - DAVID MAINES

Employer - 22634   Date of Contact - JANUARY 10, 2012

Date of Audit - JANUARY 17, 2012   Telephone - 708-254-3810

Audit Period - AUG. 1, 2007 - DEC. 31, 2010   Auditor - DOUG MARANDA

**Laborers' District Council**
Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | Jun | Jul | 2008 Aug | Sep | Oct | Nov | Dec | Jan | Feb | 2009 Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GONZALEZ, JOSE | | 0.00 | 0.00 | 5,490.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,490.50 |
| | LISCHING, DAVID | | 5,560.00 | 0.00 | 5,490.50 | 2,502.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13,552.50 |
| | RODRIGUEZ, JOSE | | 0.00 | 0.00 | 5,490.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,490.50 |
| | | Total | 5,560.00 | 0.00 | 16,471.50 | 2,502.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24,533.50 |

Rate - 2.75% of gross wages

| Dues | 152.90 | 0.00 | 452.97 | 68.81 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 674.68 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Employer Name - LISCHING CONSTRUCTION CO., INC.

Employer - 22634

Date of Audit - JANUARY 17, 2012

Audit Period - AUG. 1, 2007 - DEC. 31, 2010

Person Contacted - DAVID MAINES

Date of Contact - JANUARY 10, 2012

Telephone - 708-254-3810

Auditor - DOUG MARANDA

7

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours

| SS# | Name | | 2009 Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | 2010 Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GONZALEZ,JOSE J | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.00 | 68.00 |
| | GONZALEZ,JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 80.00 | 0.00 | 0.00 | 68.00 | 148.00 |
| | Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 80.00 | 0.00 | 0.00 | 136.00 | 216.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 730.40 | 0.00 | 0.00 | 1,241.68 | 1,972.08 |
| Pension | $8.37 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 669.60 | 0.00 | 0.00 | 1,138.32 | 1,807.92 |
| Training | $0.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.00 | 0.00 | 0.00 | 54.40 | 86.40 |
| CCA | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.60 | 0.00 | 0.00 | 9.52 | 15.12 |
| LECET | $0.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.40 | 0.00 | 0.00 | 10.88 | 17.28 |
| LDCMC | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.60 | 0.00 | 0.00 | 16.32 | 25.92 |
| Working Dues | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 77.44 | 0.00 | 0.00 | 131.65 | 209.00 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,531.04 | 0.00 | 0.00 | 2,602.77 | 4,133.81 |

| | | |
|---|---|---|
| Employer Name - LISCHING CONSTRUCTION CO., INC. | Person Contacted - | DAVID MAINES |
| Employer - 22634 | Date of Contact - | JANUARY 10, 2012 |
| Date of Audit - JANUARY 17, 2012 | Telephone - | 708-254-3810 |
| Audit Period - AUG. 1, 2007 - DEC. 31, 2010 | Auditor - | DOUG MARANDA |

## Laborers' District Council
Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | Jun | Jul | Aug | Sep 2009 | Oct | Nov | Dec | Jan | Feb | Mar 2010 | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | GONZALEZ, JOSE J | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,398.60 | 2,398.60 |
| | GONZALEZ, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,816.00 | 0.00 | 0.00 | 2,398.60 | 5,209.60 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,816.00 | 0.00 | 0.00 | 4,787.20 | 7,603.20 |

Rate - 2.75% of gross wages

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 77.44 | 0.00 | 0.00 | 131.65 | 209.09 |

Employer Name - LISCHING CONSTRUCTION CO., INC.   Person Contacted -   DAVID MAINES

Employer -   22634   Date of Contact -   JANUARY 10, 2012

Date of Audit -   JANUARY 17, 2012   Telephone -   708-254-3810

Audit Period -   AUG. 1, 2007 - DEC. 31, 2010   Auditor -   DOUG MARANDA

9